UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 12-CR-00146 |
| VERSUS | JUDGE FOOTE |
| ALEXANDER DERRICK REECE(01) <br> DREW T. GREEN(02) <br> THOMAS WILLIAM MALONE, JR.(03) <br> BOYD ANTHONY BARROW(04) <br> JOSHUA ESPINOZA(05) <br> CURIOUS GOODS LLC(06) <br> RICHARD JOSEPH BUSWELL(07) <br> DANIEL JAMES STANFORD(08) <br> DANIEL PAUL FRANCIS(09) <br> BARRY J. DOMINGUE(10) | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION ON MOTION TO STRIKE
SURPLUSAGE FROM SUPERSEDING INDICTMENT**
**(Rec. Doc. 289)**

Before the court on referral from the district court for report and recommendation pursuant to 28 U.S.C. § 636(b) is the motion of Defendant Alexander Derrick Reece (01) to Strike Surplusage from the Superseding Indictment [Doc. 289], which motion has been adopted by Defendants Buswell (07) [Doc. 300, 332], Domingue (10)[Doc.301,332], Francis (09) [Docs.396,401], and Stanford (08) [Doc. 348, 353]. The government opposes the motion in part. [Doc. 398] Oral argument was presented by the parties on April 26, 2013. For the reasons set out

below, it is the recommendation of the undersigned that the motion be GRANTED IN PART AND DENIED IN PART.

The movers seek to strike alleged irrelevant, unnecessary and prejudicial surplusage from the Superseding Indictment per Rule 7(d). Specifically, the defendants seek to strike all references to the chemical substances JWH-250 and UR-144 and use of the term 'synthetic cannabinoid(s)' in the indictment. They assert that the referenced chemical substances lack the necessary chemical structure to be considered analogues under 21 USC §802(32)(A), according to the government's own expert witness. Therefore, they are irrelevant and their inclusion is misleading.

In response to the motion, the government has consented to striking all references to the chemicals JWH-250 and UR-144 from Counts 1 and 3 of the Superseding Indictment. The government has additionally moved to strike all references to the chemical JWH-081 in Counts 1 and 3 of the indictment. [Doc. 398, p. 2]

What remains for the court's consideration is the defendants' effort to strike the term 'synthetic cannabinoid' from the indictment which the government opposes. [Doc. 398, pp. 3-4] The defendants assert that the term should be stricken from the indictment since it wrongly suggests that simply because something is or may be a synthetic cannabinoid, it is illegal to possess it. [Doc. 289-4, p. 5] They contend this

is not necessarily so and they are concerned that jurors will develop an opinion regarding legality simply by use of the term in the indictment. They correctly point out the term does not appear in Title 21 of the United States Code, and there is no definition of the term in the superseding indictment. Further, the term's similarity to the term "cannabis" makes it likely jurors will develop an opinion regarding legality independent of the evidence, to the defendants' prejudice. Finally, the defendants argue that since the government has consented to striking references to three chemicals from the indictment, leaving AM-2201 as the only controlled substance in the indictment, there is no need for the use of the collective term 'synthetic cannabinoids' in the indictment; a point which the government concedes.

In response to the remaining argument of the defendants, the government argues that the term 'synthetic cannabinoid' accurately describes both AM-2201 and JWH-018, the chemical compounds which are the subject of the criminal charges. They also argue that the striking of the descriptive term from the indictment would render sections of the indictment unintelligible, requiring a constructive amendment to the superseding indictment. The undersigned agrees but only in part.

### *Applicable Law and Discussion*

Allegations in an indictment that are unnecessary to and independent of the allegations to prove the crime charged throughout the indictment are generally

deemed surplusage and may be stricken on the defendant's motion under Rule 7(d) of the Federal Rules of Criminal Procedure. *United States v. Miller*, 471 U.S. 130, 136–37 (1985)*; United States v. Prejean*, 429 F.Supp.2d 782,796 (E.D.La. 2006). Although a matter of the court's discretion, in *Prejean,* the court summarized the standard:

> [T]he striking of surplusage is not required: "surplusage in an indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled." *United States v. Trice*, 823 F.2d 80, 89 n. 8 (5th Cir.1987) (citations omitted). The level of proof required to strike surplusage from an indictment is "exacting." *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir.1971). A district court may strike language as surplusage on the ground that such material is unduly prejudicial if the language "serve[s] only to inflame the jury, confuse[s] the issues, and blur[s] the elements necessary for conviction [.]" *Id*. Moreover, a court may strike as surplusage any "indirect expressions, implied allegations, argumentative statements, and uncertainty due to generalizations in language." *United States v. Williams*, 203 F.2d 572, 574(5th Cir. 1953).

*Id.,* at 796.

While the challenged language must be "irrelevant, inflammatory, and prejudicial" in order to be stricken, *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993), if the allegation is admissible and relevant to the charge, then regardless of how prejudicial, the court should not strike the language. *United States v. Scarpa,* 913 F.2d 993, 1013 (5th Cir. 1990)*;United States* v. *Edwards*, 72 F.Supp.2d 664, 667 (M.D.La. 1999).

Applying this standard, after reviewing the proposed redacted Superseding Indictment and considering the arguments of the parties, the undersigned finds that the usage of the term 'synthetic cannabinoid' in the Superseding Indictment explains in some statements the more technical, scientific terms used in the document.[1] It is an accurate description of the two substances involved, JWH-018 and AM-2201, and is therefore relevant. It is also going to be admissible. However, in light of the striking of any references to the other three synthetic cannabinoids (JWH-081, JWH-250 and UR-144) there are places in the indictment where it is confuses the issues and the descriptive term could easily be stricken and eliminating any confusion by substituting the more precise chemical term 'AM-2201' in its place. Specifically, the undersigned references the Superseding Indictment at <u>Count One</u>: Sections I(D) and III(B).

However, this Court does not find that the references to synthetic cannabinoids elsewhere in the indictment are so prejudicial, inflammatory or irrelevnt so as to be stricken. Specifically, Count I, Sections III(D), III(E) and III(F), list overt acts that are relevant to the conspiracy charge. As such, the references to synthetic

---

[1] The parties agree that the government could allege that AM-2201 is a 'synthetic cannabinoid' and the government is willing to delete the letter "s" to designate the singular rather than the plural where appropriate; such as Count I, Sections I(E), I(F), and I(G).

cannabinoids, which may include AM-2201 and JWH-018, need not be stricken. *United States v. Edwards,* 72 F.Supp.2d at 667.

### *Recommendations*

Based on the foregoing, it is the recommendation of the undersigned that the Motion to Strike Surplusage from the Superseding Indictment [Doc. 289] should be GRANTED in part and DENIED in part. The undersigned recommends all references to JWH-250, UR-144, and JWH-081 be stricken and that the appropriate grammatical changes be made. The undersigned further recommends that the specific term AM-2201 be substituted for the term "synthetic cannabinoids" in Count I Sections I(D) and III(B) and that the singular use of the term synthetic cannabinoid be utilized in Count I, Sections I(E), I(F), and I(G) in lieu of the plural with the appropriate grammatical changes. In all other respects, the undersigned recommends the motion be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana, this 30th day of April, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge