UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:12-CR-00146-(01)(06)(07)(08)(09)(10) |
| VERSUS | JUDGE FOOTE |
| ALEXANDER DERRICK REECE (01)<br>DREW T. GREEN (02)<br>THOMAS WILLIAM MALONE, JR. (03)<br>BOYD ANTHONY BARROW (04)<br>JOSHUA ESPINOZA (05)<br>CURIOUS GOODS LLC (06)<br>RICHARD JOSEPH BUSWELL (07)<br>DANIEL JAMES STANFORD (08)<br>DANIEL PAUL FRANCIS (09)<br>BARRY L. DOMINGUE (10) | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS COUNT TWO OF SUPERSEDING INDICTMENT, OR ALTERNATIVELY TO COMPEL THE GOVERNMENT TO ELECT AMONG THEORIES OF PROSECUTION**
**(Rec. Doc. 284)**

Alexander Derrick Reece (01) filed a Motion to Dismiss Count Two of the Superceding Indictment [Doc. 284], which has been adopted by Defendants Curious Goods LLC (06) [Doc. 320, 332] Buswell (07)[Doc. 292, 332], Stanford (08)[Doc. 345, 353], Francis (09) [Doc. 388, 401] and Domingue (10) [Doc. 302, 332]. The government opposes the motion. [Doc. 402] The parties presented oral argument before the undersigned on April 26, 2013. For the reasons set out

below, it is recommended that the motion be DENIED.

Count Two of the Superceding Indictment charges the defendants with Conspiracy to Introduce and Cause to be Introduced Misbranded Drugs into Interstate Commerce. [Doc. 58] The conspiracy is alleged under 18 U.S.C. § 371 and the applicable portions of the substantive law are found in the Food, Drug and Cosmetic Act (the Act) at 21 U.S.C.§§ 321(g), 331(a), 333(a)(2) and 352 (a),(b), and (f). In the motion, the defendants contend that Count Two charges several crimes in the same count, focusing on the use of the disjunctive 'or' in the government's references to the provisions of 21 U.S.C. §§ 331(a) and 352(a),(b) and (f).  They argue that the multiple disjunctives leave open the possibilities of less than unanimous agreement by the grand jury, and later by the trial jury hearing this case; invite shifting theories of proof and argument from the government, and raise the risk of prejudicial evidentiary rulings. They contend that the court should either dismiss Count Two altogether, or compel the government to elect the theory under which it will proceed. [Doc. 284, p. 3]

In response to the motion, the government contends that of the three different uses of the disjunctive "or" that are at issue, the first two appear in the background section of count two, which is merely prefatory and does not address the actual charge.  The word "or" in the actual charge is only used with regard to §

352(a),(b), and (f). [Doc. 58, p. 8-10] The government accurately points out that in the first paragraph defining the conspiracy, and in the last paragraph alleging the violations of the statutes, the government correctly cited the applicable portions of § 352 in the conjunctive and that the only other use of the disjunct "or" was "an inadvertent typographical error," which can be corrected by an amendment to the indictment. [Doc. 402, pp. 5-6] With that correction, the government argues that any concerns regarding unanimity can be addressed with an appropriate charge to the jury. Alternatively, in lieu of dismissal, the government suggests that the matter be resubmitted to the grand jury or that the government be allowed to designate under which section of § 352 it intends to proceed.

### *Applicable Law and Discussion*

"An indictment may be duplicitous if it joins in a single Count two or more distinct offenses." *United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 608 (5th Cir.1991). If an indictment is duplicitous and the defendant is prejudiced as a result, a conviction obtained on the indictment may be subject to reversal. *Id., United States v. Sharpe*, 193 F.3d 852, 870 (5th Cir.1999). However, the government may include more than one "act" within a single count when those acts represent a single, continuing scheme and the indictment 1) adequately notifies the defendant of the charges pending; 2) does not subject the defendant to

double jeopardy; 3) does not permit prejudicial evidentiary rulings at trial; and 4) does not allow the defendants to be convicted by a single, non-unanimous verdict. *Id., United States v. Fisher*, 106 F.3d 622, 632 (5th Cir.1997).

When the indictment charges a conspiracy, it can allege in a single count a conspiracy to commit several crimes without being duplicitous because " '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *United States v. Lyons*, 703 F.2d 815, 821 (5th Cir.1983) (citing *Braverman v. United States*, 317 U.S. 49, 54 (1942)). "That an indictment alleges more than one means by which conspirators "'sought to accomplish [a] scheme does not render it duplicitous.'" *United States v. Mauskar* 557 F.3d 219, 226 (5th Cir. 2009) quoting *United States v. McDermot*, 1995 WL 371036, at *4 (5th Cir. 1995) (citing *Owens v. United States,* 221 F.2d 351, 354 (5th Cir.1955)).

The government correctly argues that the indictment at issue is not duplicitous, as it can be read to charge "a single conspiracy with multiple objects, i.e., a conspiracy to introduce drugs that are misbranded in a variety of different ways, each of which is proscribed in the same statute and each of which carries the same punishment." [Doc. 402, pp. 4-5] The defendants concede that a single conspiracy can allege multiple illegal objects and not be duplicitous but the rule requires that all objects and methods of the conspiracy must be charged

*conjunctively*. [Doc. 284-1, p. 2]

The first uses of the disjunctive "or" in Count Two appear at Section I, subsections B and D. [Doc. 57, pp. 7-8] Subsection B recites provisions of 21 U.S.C. §331, itemizing prohibited acts under the Act. Subsection D recites some, but not all, of the provisions of 21 USC §352; specifically referring to 21 USC §352(a), (b), "or" (f). As the government notes, these sections are prefatory to the actual charge which follows in the indictment. The use of the disjunctive rather than the conjunctive in Section I, which provides only background information, does not interfere with the defendants' abilities to discern which provision the government intends to proceed with at trial.

The third use of the disjunctive in Count Two appears in the formal charge at Section II, which alleges:

> Beginning on or about March 1, 2011, and continuing until on or about December 31, 2011, in the Western District of Louisiana and elsewhere, [the defendants], with the intent to defraud and mislead, did knowingly and intentionally combine, conspire, confederate, and agree together, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, contrary to Title 21, United States Code, Section 331, receive, manufacture, package, hold for sale, distribute, introduce, and cause the introduction of, in interstate commerce, drugs that were misbranded within the meaning of Title 21 United States Code, Section 352(a), (b), **and** (f), in that their labeling was :
> 1. false and misleading;
> 2. lacked the name and place of business of the manufacturer, **or**

      3. lacked adequate directions for use. [Emphasis added]
[Doc. 57, p. 8]

      The charge concludes in Part IV entitled "Overt Acts" with the following language:

> All in violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Section 331, 333(a)(2), and 352(a), (b), **and** (f). [18 U.S.C. §371, 21 U.S.C. §§331, 333(a)(2), and 352(a), (b), **and** (f)].[Emphasis added]

[Doc. 57, p.10]

      The government asserts that the use of the disjunctive "or" in the listing of the three different ways the misbranding statute was violated is "an apparent, inadvertent typographical error only." [Doc. 402, p. 5] When the error is considered as it appears in the indictment, bracketed between the usages of the proper conjunctive "and" before the listing, and then two more times where the statutory violations are summarized conjunctively at the close of Count Two, there remains adequate notice to the defendants on the face of the indictment that the government intended to charge violations of §352(a), (b), <u>and</u> (f) as part of one scheme alleged in the conspiracy. [Doc. 402, p. 10] However, the government orally moved to amend the indictment to substitute "and" in place of "or" at bottom of page 8 of the indictment.

      In *United States v. Mauskar* the Fifth Circuit stated:

> In reviewing an indictment for duplicity, our task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than just one, but rather solely to assess whether the indictment itself *can be read* to charge only one violation in each count.[Internal citations omitted]

*Mauskar* 557 F.3d at 225; see also *United States v. Palazzo*, 372 Fed. Appx. 445, 451(5th Cir. 2010).

The undersigned finds the indictment can be read to charge only one violation in Count Two, conspiracy, based on multiple acts of misbranding in violation of the Act as part of a single scheme. To the extent there is any possibility of a non-unanimous verdict, when combined with the amendment proposed by the government and the appropriate jury charges at trial, any danger of a non-unanimous jury verdict can be eliminated. *United States v. Miller*, 520 F.3d 504, 513 (5th Cir. 2008). The question which remains is whether allowing the amendment would require the matter to be resubmitted to the grand jury.

"The form of an indictment may be amended without return to the grand jury so long as its substance remains the same. . . An amendment will be allowed if a defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial or another prosecution for the same offense." *United States v. Young Bros., Inc.,* 728 F.2d 682, 693 (5th

Cir.1984) (citations omitted).

The defendants have not and cannot show they have been prejudiced by the use of the disjunct in Part II of Count Two. The proposed change is a matter of form, the substance of the indictment remains the same, the defendants are adequately apprised of the charges against them, and their rights have not been adversely affected to the extent they would be surprised at trial or face being prosecuted again for the same offense. Therefore, the undersigned does not find that the matter needs to be resubmitted to the grand jury.

### *Recommendations*

Based on the foregoing, it is recommended the government's oral motion to amend the superseding indictment at page eight, to reflect a correction of the acknowledged typographical error, replacing the word "or" with the word "and" in the description of the elements of § 352, be GRANTED and that the Motion to Dismiss Count Two of the Superseding Indictment [Doc. 284] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed. R. Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana this 9th day of May, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge