**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 12-00146** |
| **VERSUS** | * | **JUDGE ELIZABETH ERNY FOOTE** |
| **ALEXANDER DERRICK REECE et al** | * | **MAG. JUDGE PATRICK J. HANNA** |

# ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge [Record Document 280], addressing Defendant Barry L. Domingue's Motion to Dismiss the Superseding Indictment [Record Document 205].[1] For the reasons that follow, the Court hereby adopts the findings of the Report and Recommendation, as clarified in this Order.

The Court finds that the Drug Enforcement Administration (DEA) followed the proper procedures specified under Title 20 U.S.C. §811(h) to add JWH-018 to schedule I in March 2011. As explained in the Magistrate Judge's Report, Congress explicitly enacted §811(h) "to create an expedited procedure by which the Attorney General can schedule a substance on a temporary basis when doing so is 'necessary to avoid an imminent hazard to the public safety[.]'"[2] In meeting the requirements of §811(h), the DEA was not required to further comply with the general notice requirements of Title 5 U.S.C. §801. Despite the Administrator's invocation[3] of the so-called "good cause"

---

[1] Domingue's Motion was adopted by Defendants Reece [Record Document 218], Stanford [Record Document 220], Buswell [Record Document 222], and Francis [Record Document 248].

[2] See Touby v. United States, 500 U.S. 160, 163 (1991).

[3] See Record Document 205-3, p. 19.

provision, codified at 5 U.S.C. §808(2), the Court agrees with the Magistrate Judge that further discussion of that issue is pretermitted by our finding that the DEA complied with the procedural requirements of §811(h). No further statutory compliance was required. Thus, JWH-018 was a controlled substance on and after March 1, 2011. Therefore, pursuant to 21 U.S.C. §813, if AM-2201 is in fact a chemical analogue of JWH-018, it should also be treated as a controlled substance as of that date.

Accordingly, for the reasons stated in the Report and Recommendation and clarified by this Order, and after an independent review of the record, including written objections filed by Defendant Domingue and adopted by Defendants Stanford, Buswell, Reece and Francis, and determining that the findings are correct under the applicable law;

**IT IS HEREBY ORDERED** that the Motion to Dismiss the Superseding Indictment [Record Document 205] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 12 day of July, 2013.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE