U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 27 2014

TONY R. MOORE, CLERK
BY _____
           DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 12-00146-(08) and (10)** |
| **VERSUS** | * | **JUDGE ELIZABETH ERNY FOOTE** |
| **DANIEL JAMES STANFORD (08) BARRY L. DOMINGUE (10)** | * | **MAG. JUDGE PATRICK J. HANNA** |

## ORDER

Before the Court is a Motion In Limine, filed by the Government, seeking a ruling from the Court barring Defendant Stanford from arguing, submitting evidence, examining, or cross-examining DEA Special Agent Donald DeSalvo ("SA DeSalvo") and/or DEA Task Force Agent William White ("TFA White") on various topics, which are discussed below. [Record Document 765]. Stanford has filed an objection to the Government's motion. [Record Document 769]. In doing so, Stanford simply represents to the Court that the topics he wishes to question these witnesses about are "reliable, relevant, and favorable to Stanford's defense," yet Stanford fails to provide the Court with any supporting facts or jurisprudence to indicate how or why these topics are admissible in this trial, in light of the various rulings previously rendered by the Court, and the Federal Rules of Evidence.[1] The

---

[1] Stanford's opposition to the motion in limine, by and large, serves as a reminder to the Court that Stanford has a constitutional right to present a defense. The Court is always mindful of every defendant's constitutional rights. However, those rights do not give a defendant carte blanche to run roughshod over the legal rulings enunciated by this Court, nor does a sweeping, non-specific invocation of a right automatically override the Court's duty to apply the Federal Rules of Evidence to ensure that the evidence comports thereto. As the Fifth Circuit aptly instructed,

> [T]he right to present relevant testimony . . . may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. And, the State's interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not

specific areas of concern and the Court's rulings thereto, are as follows:[2]

1. <u>TFA White's recording of Defendant Buswell on April 5, 2012.</u> **GRANTED:** Stanford may not question SA DeSalvo or TFA White about this recording, unless Stanford first demonstrates independent relevance to the Court with the following parameters in mind. Stanford is reminded that the Government will not introduce this recording. Questions presented to the agents regarding comments Defendant Buswell may have made about Stanford during this recording are likely to be inadmissible hearsay. Stanford may not directly or indirectly allege prosecutorial misconduct insofar as it relates to this recording, as this Court has already ruled there was no prosecutorial misconduct. <u>See</u> Record Document 670 & 699.

2. <u>TFA White's interview of Defendant Buswell on April 24, 2012.</u> **GRANTED:** Stanford may not question SA DeSalvo or TFA White about this interview for the reasons stated above.

3. <u>Communications with agents or Government attorneys related to the recording and/or interview of Defendant Buswell.</u> **GRANTED:** Stanford may not question SA DeSalvo or TFA White about communications between or amongst agents or Government attorneys for the reasons enunciated above.

---

always inflexible, rules relating to the identification and presentation of evidence. For example, a defendant is not entitled to burden the proceedings with cumulative testimony . . . . *Most obviously, the right to call witnesses is limited to relevant and material testimony.*

Roussell v. Jeane, 842 F.2d 1512, 1516 (5th Cir. 1988)(internal marks and citations omitted)(emphasis added).

[2] Although Defendant Domingue was not referenced in the Government's motion in limine, he is equally bound by the Court's rulings herein.

4. <u>Allegations of prosecutorial misconduct.</u> **GRANTED:** Stanford may not allege, directly or indirectly, that the Government committed prosecutorial misconduct based on any facts or circumstances related to the recording or interview of Defendant Buswell. Judge Hanna's well-reasoned Report and Recommendation [Record Document 670], adopted by this Court [Record Document 699], found that the Government did not commit prosecutorial misconduct.[3]

5. <u>The substance of prior statements of witnesses to law enforcement officers or agents.</u> **GRANTED:** Stanford may not elicit hearsay testimony in violation of the Federal Rules of Evidence. These statements <u>may</u> be admissible for a non-hearsay purpose; however, the Court is unable to rule in advance.

6. <u>Law enforcement officers' and agents' knowledge of pleadings filed into the record, including plea agreements, stipulations, and benefits extended to cooperating defendants.</u> **DENIED IN PART and DEFERRED IN PART:**

   a. <u>Plea Agreements.</u> If the plea agreements are not introduced to prove the truth of the matter asserted, but rather are admitted for a non-hearsay purpose, they are admissible. See <u>United States v. Jackson</u>, 544 F. App'x 380, 382 (5th Cir. 2013)("because the plea agreements were not introduced to prove the truth of the matter asserted, they were not hearsay"); <u>United States v. Leslie</u>, 759 F.2d 366, 376 (5th Cir. 1985)(holding that a plea agreement which memorialized the respective promises between the government and the witness served to present jury with as complete a

---

[3] Although this finding was made in the context of Stanford's motion to dismiss the Indictment, its analysis and reasoning applies with equal force here.

    picture as possible of the agreements made therein and satisfied <u>Giglio</u> concerns).

  b. <u>Stipulations.</u> The pleadings are unclear as to what type of stipulation is likely to be the subject of inquiry at trial. If the examination pertains to any factual or legal stipulations (i) entered into by the attorneys in this case (i.e., the Assistant United States Attorneys and the defense attorneys), or (ii) that represent an agreement between the United States Attorney's Office and a co-defendant, those will not likely be considered proper fields of inquiry for SA DeSalvo or TFA White; however, the Court is unable to rule in advance.

  c. <u>Benefits extended to cooperating witnesses.</u> The pleadings are unclear as to what types of benefits, which are presumably reflected in the filings in this case, were extended to cooperating witnesses. If the benefits relate to promises made in a plea agreement (or similar document) between that witness and the Government, Stanford may inquire into these topics, consistent with the Court's ruling on 6(a) above. If the benefits concern specific favors, enticements, purchases, or promises made, or transactions entered into, by SA DeSalvo or TFA White, or by the DEA acting at the request of SA DeSalvo or TFA White, those areas may be permissibly explored.

7. <u>The status of other individuals who have been involved in or investigated in this case.</u>

  a. <u>Witness.</u> If the subject of the examination concerns a witness, the Government agrees that the defense should be allowed to inquire about

promises or enticements made to that witness.

b. <u>Non-Witness.</u> If the subject of the examination is a non-witness, the defense may not question SA DeSalvo or TFA White on this topic. Whether other persons are violating the law, yet are not subject to prosecution, is not relevant to the determination of the criminal culpability of these Defendants.

Aside from the seven topics discussed above, Stanford's opposition to the motion in limine introduces two subject matters not raised by the Government's motion: (1) that Stanford's right to confrontation is paramount to the attorney-client relationship between co-defendant Malone and Don Wirtshafter and (2) he has a right to present a defense on his own mens rea. These issues will be the subjects of separate rulings by the Court.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion In Limine [Record Document 765] is **GRANTED IN PART** and **DENIED IN PART** as outlined above. Any area deemed admissible in this ruling is nonetheless subject to the laying of a proper foundation and relevancy, and the examination of a witness or the introduction of evidence must not otherwise run afoul of the Federal Rules of Evidence.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of March, 2014.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE